In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3539

Craig Garbie, et al.,

Plaintiffs-Appellees,

v.

DaimlerChrysler Corp.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 2280--Robert W. Gettleman, Judge.

Argued April 19, 2000--Decided May 1, 2000

Before Posner, Chief Judge, and Coffey and
Easterbrook, Circuit Judges.

Easterbrook, Circuit Judge.  Six plaintiffs filed
suit in Illinois, seeking to represent a class of
auto buyers and lessees whose vehicles had not
been painted properly. Two of the named
plaintiffs are residents of Illinois, four are
residents of Michigan. They sought damages under
both Illinois and Michigan law. Chrysler
Corporation, the defendant, removed the action to
federal court, asserting that it could have been
filed in federal court originally under the
diversity jurisdiction. 28 U.S.C. sec.1441(a).
Chrysler stated that it was incorporated in
Delaware and had its principal place of business
in Michigan. (Chrysler has since merged with
Daimler-Benz, but the citizenship of
DaimlerChrysler, the resulting entity, does not
matter to cases pending when the merger occurred.
For simplicity we refer throughout to
"Chrysler.") The presence of four plaintiffs from
Michigan, who the notice of removal identified as
"citizens" rather than just "residents" of that
state, was one obvious obstacle to federal
jurisdiction. The small stakes of each claim were
another. It is hard to see how any plaintiff's
damages could be more than a fraction of the
vehicle's price, see Gardynski-Leschuck v. Ford
Motor Co., 142 F.3d 955 (7th Cir. 1998), and
Chrysler did not allege that any of the cars cost
more than $75,000, the minimum amount in

controversy. 28 U.S.C. sec.1332(a). Unless at least one of the representative plaintiffs could recover more than $75,000 individually, the case was not removable. See In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 607 (7th Cir. 1997). Cf. Stromberg Metal Works, Inc. v. Press Mechanical, Inc., 77 F.3d 928 (7th Cir. 1996).

The district court remanded the proceedings, ruling that Chrysler had not established either complete diversity of citizenship or the jurisdictional stakes. 8 F. Supp. 2d 814 (N.D. Ill. 1998). Chrysler asked the district court to treat the Michigan plaintiffs as equivalent to fraudulently joined defendants and to disregard them for purposes of determining diversity. The district court understood this as a request to depart from Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), and to replace complete diversity with minimal diversity; the judge declined, observing that each plaintiff had a real, personal claim. Moreover, the judge concluded, even with punitive damages added to the loss caused by lousy paint, no plaintiff could hope to recover more than $30,000 without creating a ratio of punitive to actual damages so high that it would become untenable. Indeed, for any class member's share of the damages to exceed $75,000, compensatory damages would have to be $30,000 apiece and if (as the judge thought) the class has about 1,000 members, the aggregate punitive award would have to exceed $45 million, a sum the district judge thought impossibly high for a dispute about defective paint. Cf. BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996). Although review of remands based on lack of federal jurisdiction is prohibited by 28 U.S.C. sec.1447(d), see Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977); In re Amoco Petroleum Additives Co., 964 F.2d 706, 708 (7th Cir. 1992), Chrysler not only appealed but also sought a writ of mandamus. We dismissed the appeal and denied the petition; the case returned to state court.

So what is the dispute doing here again? "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. sec.1447(c). The district court awarded plaintiffs $7,500 as expenses occasioned by the wrongful removal. That is an independently appealable order, unaffected by sec.1447(d). See LaMotte v. Roundy's, Inc., 27 F.3d 314, 315 (7th Cir. 1994). Chrysler's theme is that because it removed the suit "in good faith" it should not have been ordered to pay plaintiffs' legal expenses, even if removal was improper. Chrysler also contends that a local

rule of the district court interfered with its opportunity to demonstrate federal jurisdiction and it insists that the award is too high because the district court did not require plaintiffs' counsel to document his hours and rates. But the foundation of Chrysler's argument--that sec.1447(c) authorizes sanctions against litigants that remove in "bad faith"--is unsound. We held in Tenner v. Zurek, 168 F.3d 328, 329-30 (7th Cir. 1999), that sec.1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes.

Chrysler contends that we should exercise de novo review; this argument is incompatible with many decisions requiring deferential review of awards under both fee-shifting and sanctions statutes. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990); Pierce v. Underwood, 487 U.S. 552 (1988); Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928 (7th Cir. 1989) (en banc); Tenner, 168 F.3d at 329. Nothing in the district court's approach smacks of an abuse of discretion; to the contrary, the judge would have abused his discretion had he denied the plaintiffs' request for fees, because Chrysler has behaved absurdly--not only throughout this case, but also in other similar suits, all of which Chrysler removed and all of which have been remanded by federal judges across the nation.

Removal was unjustified under settled law. None of the plaintiffs is apt to recover anything close to $75,000, and Chrysler's contention that punitive damages should be aggregated for purposes of determining the amount in controversy clashes with established rules. Four of the named plaintiffs hale from Michigan, so the litigants are not completely diverse. Even if the Michiganders were added to prevent removal, that is their privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Neither sec.1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal. See Howell v. Tribune Entertainment Co., 106 F.3d 215, 218-19 (7th Cir. 1997); Poulos v. Naas Foods, Inc., 959 F.2d 69 (7th Cir. 1992); Matchett v. Wold, 818 F.2d 574 (7th Cir. 1987). The Michigan plaintiffs' claims are every bit as real as the Illinois plaintiffs'

claims--and no rule of law bars a class action that includes representatives from other states. Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985).

After the district court remanded the case, Chrysler filed a frivolous appeal and a frivolous petition for mandamus. On this appeal, which is at least within our jurisdiction, Chrysler argued for de novo review in the teeth of contrary decisions by the Supreme Court and this court (including one, Tenner, that deals directly with sec.1447(c)), contended that a district court local rule concerning the conduct of discovery violates the tenth amendment (we're not fooling, Chrysler actually advances this argument), and proceeded as if "bad faith" were vital. As we have said, it is not essential--but almost every step of Chrysler's conduct throughout this litigation has been in bad faith (objectively understood to mean frivolous tactics and arguments, see Lee v. Clinton, No. 99-3250 (7th Cir. Apr. 10, 2000); In re TCI Ltd., 769 F.2d 441 (7th Cir. 1985)). None of Chrysler's other substantive arguments requires separate comment.

According to Chrysler, an award of $7,500 is too high, because not adequately documented. We would have been inclined to hold the award too low, had the plaintiffs filed a cross appeal, but they did not. True enough, the plaintiffs did not file the elaborate documentation required for substantial awards calculated under the lodestar method, but $7,500 is not a particularly large sum in commercial litigation (we're willing to bet that it is much less than what Chrysler's lawyers charged their client for services in connection with removal, which included extensive briefing, interrogatories, and two requests for appellate review). District judges have discretion to tailor the documentation requirement so that it is appropriate in light of the stakes; otherwise the aggrieved parties might spend more detailing their entitlements than they receive under sec.1447(c). See Henry v. Webermeier, 738 F.2d 188, 193 (7th Cir. 1984). Whether or not a local rule of the Northern District of Illinois calls for more documentation as a norm, each judge may decide when strict application of the local rules makes sense. Chrysler points to cases in which the Northern District of Illinois has demanded additional documentation, and others in which we have sustained district courts' right to enforce their local rules to the letter, but none in which we have held that every district court must do this on every occasion.

Because sec.1447(c) is a fee-shifting statute, the plaintiffs as prevailing parties are

presumptively entitled to recover the attorneys' fees incurred in defending their award. Commissioner of INS v. Jean, 496 U.S. 154 (1990). It works much like the provisions in the Rules of Civil Procedure requiring the party that unsuccessfully opposes a discovery request to pay the other side's legal expenses. Rickels v. South Bend, 33 F.3d 785 (7th Cir. 1994), holds that Fed. R. Civ. P. 37(a)(4) is a fee-shifting rule, and that the victor therefore is entitled to recover fees on appeal. "The rationale of fee-shifting rules is that the victor should be made whole--should be as well off as if the opponent had respected his legal rights in the first place. This cannot be accomplished if the victor must pay for the appeal out of his own pocket." 33 F.3d at 787 (emphasis in original). Section 1447(c) entitles plaintiffs to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal"--and plaintiffs' expenses on appeal, no less than their expenses in the district court, were "incurred as a result of the removal." Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs. Wisconsin v. Glick, 782 F.2d 670 (7th Cir. 1986). Cf. Continental Can Co. v. Chicago Truck Drivers Pension Fund, 921 F.2d 126 (7th Cir. 1990). This is the second appeal (plus a petition for mandamus) in Chrysler's never-say-die campaign, which appears designed to increase its adversary's expenses (and thus discourage litigation) without regard to the merits of plaintiffs' position. An award of fees for work on appeal will reduce the effectiveness of that tactic. Any more in the same vein from Chrysler will lead to punitive sanctions on top of the fees.

The judgment is affirmed, with appellees to recover costs and other expenses (including attorneys' fees). Plaintiffs have 14 days to file a statement of the reasonable costs, expenses, and fees incurred on this appeal.