In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3256

State of Wisconsin,

Plaintiff-Appellee,

v.

Hotline Industries, Inc.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 99-C-0398-C--Barbara B. Crabb, Judge.

Argued August 8, 2000--Decided December 29, 2000

Before Bauer, Coffey, and Manion, Circuit Judges.

Bauer, Circuit Judge.  This case involves an award of attorney's fees to the State of Wisconsin under 28 U.S.C. sec. 1447(c), the fee-shifting provision governing improper removal. The principal issue is whether sec. 1447(c), which authorizes payment of "actual" attorney's fees "incurred" in resisting removal, permits salaried government attorneys to recover at prevailing market rates. The district court concluded that it does. Because we believe that the provision limits a fee award to actual outlays, we vacate the award and remand for further proceedings.

I.

Hotline Industries, Inc., a Minnesota corporation, owns and maintains an old railroad ore dock on Lake Superior that is adjacent to a public boat ramp maintained by the City of Superior, Wisconsin. When Hotline began installing piers off the dock and advertising a marina development, the State of Wisconsin sought a preliminary injunction in state court to enjoin Hotline from constructing any more piers. According to the state, Hotline never obtained the permits required by state law for placing structures in navigable waterways. The state also complained that the piers obstructed boat traffic

around the public boat ramp and constituted a public nuisance. Hotline removed this case to federal district court. See 28 U.S.C. sec. 1441. The district court set a hearing date for the state's preliminary injunction motion, and the state moved to remand the action to state court. See 28 U.S.C. sec. 1447(c).

Although the hearing was held, the motion for preliminary injunction was never addressed because Hotline could not establish a basis for federal jurisdiction (states are not citizens for purposes of diversity jurisdiction, and there was no federal question). The court advised Hotline that the removal appeared groundless, and that it could either file a response to the state's remand motion or stipulate to a remand. Hotline stipulated to the remand, and the court issued a remand order. The state then filed a motion for costs and fees under sec. 1447(c), attaching affidavits from an assistant attorney general that claimed an hourly billing rate of $200 for nearly 28 hours that she and another assistant devoted to the removal proceedings. The court accepted the $200 hourly figure as a reasonable market rate for the government attorneys, and awarded the state $5,583.60 for attorney's fees. From this decision Hotline appeals.

II.

Hotline limits its appeal to the award of fees; we have jurisdiction to review this award. Tenner v. Zurek, 168 F.3d 328, 329 (7th Cir. 1999). We review the district court's fee award for abuse of discretion, Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000), but to the extent that the district court's decision rests on its interpretation of sec. 1447(c), our review is de novo. See Eli Lilly & Co. v. Natural Answers, Inc., ___ F.3d ___, No. 00-1375, 2000 WL 1735075, at *9 (7th Cir. Nov. 21, 2000).

Hotline first argues that the district court lacked jurisdiction to award attorney's fees after it remanded the case to state court. Focusing on sec. 1447(c)'s language, Hotline contends that the award had to be included in the very same order remanding the case, and the district court's remand order did not mention an award. The plain wording of sec. 1447(c) does not resolve the question; it provides only that "an order remanding the case may require payment of actual expenses, including attorney fees, incurred as a result of the removal." But the statute does not purport to be exclusive, and it contains no language to suggest that there cannot be a supplemental order. Several courts have directly rejected Hotline's argument, holding that district courts retain jurisdiction to

consider collateral matters after remand and that attorney's fees may be awarded under a separate order. Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 257 (6th Cir. 1997); Mints v. Educational Testing Serv., 99 F.3d 1253, 1257 (3d Cir. 1996); Moore v. Permanente Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992); see Citizens for a Better Env't v. Steel Co., 230 F.3d 923, 927 (7th Cir. 2000). Hotline attempts to distinguish this line of cases by observing that the remand order in the present case was based on a voluntary stipulation. But Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990), held that a plaintiff's voluntary dismissal did not divest the court of jurisdiction to assess fees under Fed. R. Civ. P. 11. See Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1076-79 (7th Cir. 1987). Although Cooter & Gell dealt with Rule 11 sanctions, its underlying principle applies in the context of sec. 1447(c). See Willy v. Coastal Corp., 503 U.S. 131, 136 & n.2 (1992). A district court has jurisdiction to award attorney's fees under sec. 1447(c) even if the removing party voluntarily withdraws its case and stipulates to a remand.

Hotline next contends that the state did not incur any reimbursable attorney's fees because its lawyers already were on the government payroll as salaried employees. But salaried government lawyers, like in-house and non-profit counsel, do incur expenses if the time and resources they devote to one case are not available for other work. See Hamilton v. Daley, 777 F.2d 1207, 1213 (7th Cir. 1985) (affirming fee award under 42 U.S.C. sec. 1988 to state's attorneys for their representation of "prevailing defendants"); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1092-93 (3d Cir. 1988) (affirming fee award under Fed. R. Civ. P. 11 to government for time of assistant U.S. attorney in defending a frivolous lawsuit); see also Central States, Southeast & Southwest Areas Pension Fund v. Central Carthage Co., 76 F.3d 114, 115-16 (7th Cir. 1997) (affirming award under ERISA fee-shifting statute to prevailing pension fund for its staff attorneys' representation); see also Softsolutions v. Brigham Young Univ., 1 P.3d 1095, 1106 n.5 (Utah 2000) (collecting federal and state cases). To deny reimbursement under these circumstances would indirectly penalize the institution, be it public or private, for providing its own legal counsel throughout a case.

Even if fees are recoverable, Hotline argues, they exceed whatever amount was allowed under sec. 1447(c). Section sec. 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal." The district court construed sec. 1447(c) to authorize a fee award based on the prevailing rate in Madison, Wisconsin for lawyers specializing in similar work. "From a purely practical standpoint," the court wrote, "it makes sense to compensate government lawyers in the same manner as privately retained counsel rather than undertaking a calculation of the actual costs incurred."

In using the market rate as the measure of compensation, the district court followed the general rule for calculating fee awards made under numerous statutes authorizing a "reasonable attorney's fee as part of the costs." This rule, applied in Blum v. Stenson, 465 U.S. 886, 895 (1984), holds that "reasonable fees" under fee-shifting statutes such as 42 U.S.C. sec. 1988 "are to be calculated according to the prevailing market rates in the relevant community," regardless of whether the plaintiff is represented by a private law firm or a legal aid society. See also Independent Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 758 n.2 (1989) (observing that "fee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike") (citation omitted); Burlington v. Dague, 505 U.S. 559, 562 (1992) (extending "our case law construing what is a 'reasonable' fee . . . uniformly to all [similarly worded fee-shifting statutes]"). Congress enacted such fee-shifting statutes to encourage lawyers to take meritorious cases and thereby promote private enforcement of the law. See Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 560 (1986); Blum 465 U.S. at 893-94. By using market rates as a basis to calculate attorney's fees, Congress intended that nonprofit legal aid organizations (which have no billing rate) would receive no less in fee awards than lawyers working in the private sector. Blum, 465 U.S. at 894. This general rule has been applied even when the victorious party is represented by salaried government counsel. See, e.g., Hamer v. Lake County, 819 F.2d 1362, 1365 n.9 (7th Cir. 1987); Hamilton, 777 F.2d at 1213; State of Illinois v. Sangamo Constr. Co., 657 F.2d 855, 861-62 (7th Cir. 1981); United States v. Big D Enters., Inc., 184 F.3d 924, 936 (8th Cir. 1999); Napier, 855 F.2d at 1092-93.

But Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), in our words, "squelched" any inclination to treat all fee-shifting statutes as if they were minor variations on sec. 1988. Stomper v. Amalgamated Transit Union, Local 241, 27 F.3d 316, 318 (7th Cir. 1994). Fogerty involved the interpretation of 17 U.S.C. sec. 505, the attorney's fee provision of the Copyright Act.

Although sec. 505 tracks 42 U.S.C. sec. 2000e-5(k), the attorney's fee provision in Title VII of the Civil Rights Act of 1964, the Court held that both statutes have unique historical contexts and interpretations that cannot be generalized to one another. 510 U.S. at 522-25. After Fogerty, "[d]ifferent statutes receive individual analysis," or should. Stomper, 27 F.3d at 318; see Citizens for a Better Environment, 230 F.3d at 931.

 Section 1447(c) is unusual among fee-shifting statutes. Unlike the numerous statutes that authorize the recovery of "reasonable" attorney's fees, see, e.g., Delaware Valley Citizens' Council, 478 U.S. at 562; Marek v. Chesny, 473 U.S. 1, 43 (1985) (appendix to Brennan, J., dissenting), sec. 1447(c) expressly limits fee awards to actual outlays-- specifically, to "any actual expenses, including attorney fees, incurred" (emphasis added). The mention of "actual" and "incurred" is significant. Neither word appeared in the statute's earlier version that authorized only "the payment of just costs." As amended in 1988, sec. 1447(c) now explicitly includes "attorney fees" among the "actual expenses" that can be awarded. The statutory change makes clear that sec. 1447(c) constitutes an alternative means to reimburse the victorious party without resorting to Rule 11. The legislative history of this change is scanty (a mere two paragraphs), but it reveals that "the proposed amendment to section 1447(c) will ensure that a substantive basis exists for requiring payment of actual expenses incurred in resisting an improper removal; civil rule 11 can be used to impose a more severe sanction when appropriate." H.R. Rep. No. 889, 100th Cong., 2d Sess. 72, reprinted in 1988 U.S.C.C.A.N. 5982, 6033.

 Only a few fee-shifting statutes explicitly limit recoveries to actual outlays. For example, the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. sec. 4654, will "reimburse" prevailing claimants for attorney's fees "actually incurred" in litigating condemnation proceedings brought by the government. See United States v. 122.00 Acres of Land, 856 F.2d 56, 58 (8th Cir. 1988). Similarly, the Equal Access to Justice Act, 28 U.S.C. sec. 2412(d)(1)(A), authorizes monetary recovery for attorney's fees "incurred" as a result of unjustified federal action, see TGS Int'l, Inc. v. United States, 983 F.2d 229, 230 (Fed. Cir. 1993); United States v. Paisley, 957 F.2d 1161, 1164 (4th Cir. 1992), and an analogous statute contained in the Internal Revenue Code permits recovery of attorney's fees "paid" or "incurred" in successful challenges to tax related actions, 26 U.S.C. sec. 7430(c)(1)(B)(iii); see Marre v.

United States, 38 F.3d 823, 828-29 (5th Cir. 1994). These three statutes, all of which aim to check or deter unjustified governmental conduct, permit parties to be reimbursed for fees actually incurred in achieving victory. But cf. Raney v. Federal Bureau of Prisons, 222 F.3d 927, 934 (Fed. Cir. 2000) (en banc) (citing the Freedom of Information Act, the Privacy Act, and Fed. R. Civ. P. 37(a)(4) as examples in which "the courts have neither interpreted the 'incurred' term . . . to restrict or limit the payment of fees to those actually incurred, nor prevented market-rate fees from being awarded").

 Congress envisioned a similar reimbursement scheme under sec. 1447(c). This provision specifies that the fees awarded must be the "actual" fees that were "incurred." This formulation more closely approaches the Uniform Relocation Act or the Equal Access to Justice Act than the civil rights statutes that speak of a "reasonable attorney's fee as part of the costs." Cf. Neal v. Honeywell, Inc., 191 F.3d 827, 833 (7th Cir. 1999) (concluding that the formula in the False Claims Act authorizing "reasonable attorneys' fees" as part of "damages" has "greater affinity to sec. 1988 than to the Equal Access to Justice Act"). Indeed, we have likened sec. 1447(c) to Fed. R. Civ. P. 37(a)(4), the fee-shifting rule requiring the loser in certain discovery disputes to pay his opponent's legal expenses. Both rules contemplate that the victor should recoup his full outlay. As we reiterated in Garbie, 211 F.3d at 411, "The rationale of fee-shifting rules is that the victor should be made whole--should be as well off as if the opponent had respected his legal rights in the first place." Improper removal prolongs litigation (and jacks up fees). Under the American Rule parties bear their expenses in one court system, "but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." Id. For the State of Wisconsin, those incremental costs include its actual attorney's fees incurred (a proportional share of the salaries of its attorneys handling the removal) plus related overhead costs.

 We vacate the judgment as to the amount of attorney's fees awarded to the state and remand so that the district court may determine the actual amount of fees incurred. The state bears the burden of proving these amounts. The district court, however, has discretion "to tailor the documentation requirement" according to the stakes involved, see Garbie, 211 F.3d at 411; Ustrak v. Fairman, 851 F.2d 983, 987 (7th Cir. 1988), lest the resources devoted to detailing entitlements outstrip the expenses received under

sec. 1447(c).

Vacated and Remanded