**Beverly B. MANN, Plaintiff–Appellant,**

v.

**Michael J. LEECH, et al., Defendants–Appellees.**

**Nos. 01–3472, 01–3599.**

United States Court of Appeals, Seventh Circuit.

Submitted April 26, 2002.*

Decided April 26, 2002.

Before COFFEY, MANION, WILLIAMS, Circuit Judges.

**ORDER**

Beverly B. Mann brought this pro se action in state court alleging that her former attorneys committed malpractice while representing her in a previous federal lawsuit against her former employer. In March 2000 Mann filed an amended complaint adding claims against the district court judge who presided over the previous suit and against the opposing counsel in that suit. After the defendants removed the case, *see* 28 U.S.C. § 1441(c), the district court dismissed Mann's claims against the judge and remanded her remaining claims to state court. Mann then petitioned the district court to recover fees and expenses incurred from the defendants' removal efforts, *see* 28 U.S.C. § 1447(c), but the court denied her request. On appeal Mann raises a bevy of frivolous challenges to the court's ruling, which we affirm.[1]

Section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). We review the district court's deni-

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

1. Mann filed her first notice of appeal while her motion to alter or amend judgment, *see* Fed.R.Civ.P. 59(e), was still pending. Mann filed her second notice of appeal after the

court had granted her Rule 59(e) request and entered a revised judgment. Consequently, we dismiss her first appeal, 01–3472, as duplicative. *See Stone v. INS*, 514 U.S. 386, 403, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Square D Co. v. Fastrak Softworks, Inc.*, 107 F.3d 448, 450 (7th Cir.1997); *Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1125 (7th Cir.1993).

al of Mann's § 1447(c) petition for abuse of discretion. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir.2000); *Tenner v. Zurek,* 168 F.3d 328, 329 (7th Cir.1999). The court did not abuse its discretion— § 1447(c) expressly limits recovery to *actual* expenses incurred, *see Hotline Indus.,* 236 F.3d at 367, and Mann failed to identify or document what expenses she incurred from the defendants' removal efforts.

Accordingly, we DISMISS 01–3472 and AFFIRM the district court's judgment in 01–3599.