In re HELP AT HOME, INC. Debtor.

Louis Goldstein, Plaintiff,

v.

Help at Home, Inc. and Lloyd J. Baretz, Defendant.

v.

Help at Home, Inc. and Statewide Health Services, Petitioning Intervenors/Third–Party Plaintiffs.

Bankruptcy No. 02 B 27213.
Adversary No. 02 A 01701.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 11, 2003.

Lord, Bissell & Brook, Chicago, IL, for Plaintiff.

Shaw, Gussis, Fishman, Glantz & Wolfson, Chicago, IL, for Defendant.

Altheimer & Gray, Chicago, IL, Conklin, Murphy, Conklin & Snyder, Chicago, IL,

Piper Rudnick, Chicago, IL, Trustee or Other Attorneys.

### *MEMORANDUM OPINION ON MOTION OF LOUIS GOLDSTEIN FOR FEES UPON REMAND UNDER 28 U.S.C. § 1447(c)*

JACK B. SCHMETTERER,
Bankruptcy Judge.

This Adversary case relates to the Chapter 11 bankruptcy case filed by related Debtors Help at Home, Inc., an Illinois corporation ("Illinois"), Statewide Healthcare Services ("SHS"), and Help at Home, Inc., a Delaware corporation ("Delaware"), those three Debtors being jointly administered under Case No. 02 B 27213.

Prior to those bankruptcy filings, Louis Goldstein ("Goldstein") sued Delaware in the Circuit Court of Cook County for contract breach, and also sued Lloyd J. Baretz ("Baretz"), who assertedly guaranteed Delaware's obligations. Delaware filed an Answer and Counterclaim in the state court suit. Illinois and SHS filed Petitions to Intervene in the state court action, seeking to assert breach of fiduciary duty claims against Goldstein as third-party plaintiffs.

During the course of the state court action, the judge there required Delaware to escrow $400,000.00 in a segregate interest-bearing account pending resolution of that case, and also required it to pay Goldstein $90,000.00 as interim attorney's fees. Motion to stay enforcement of those orders were denied by the trial court and Illinois Appellate Court.

Illinois and SHS filed their bankruptcy cases on July 17, 2002, and Delaware filed its bankruptcy case on October 31, 2002. On the latter date, Delaware, Illinois and SHS filed their Joint Notice of Removal with respect to the entire state court action. They alleged therein that the escrow order, attorney fee order and citations to discover assets that the state court issued to enforce the escrow and attorney fee order, exercised control over estate funds of SHS and Illinois by requiring that all funds that normally flow from those entities to Delaware be diverted to fund the escrow account. The removing parties further alleged that the entire state action including charges against Baretz had been stayed by the bankruptcy under 11 U.S.C. § 362, and that related jurisdiction over that part of the case lies in this court under 28 U.S.C. § 1334(b) and core jurisdiction lies here under 28 U.S.C. § 157(b)(2). The removed case was given the above-entitled Adversary number in this Court.

Goldstein then moved herein to sever his claim against Baretz from the removed case and to remand that claim to state court. He also requested that upon such removal fees be allowed to it and against the removing parties under 28 U.S.C. § 1447(c). Over objection of the removing parties and Baretz, and upon ruling that this Court lacks subject matter jurisdiction over the claims against Baretz, it was ordered on February 4th that the Baretz's part of the case be severed from the removed state court action and remanded to the state court pursuant to 28 U.S.C. § 1447 and 1452.

However, argument before the bench on whether jurisdiction was present to consider the Baretz claims here did demonstrate the close factual relations between litigation against the bankruptcy Debtors and the suit against Baretz. Indeed, because there was such serious possibility that findings or judgment in the state court might cross the line into a stay violation against Debtors, the following protective words were added to the remand order:

"3. The State Court is to make no findings as to or judgment against the Debt-

ors ... [naming each bankruptcy debtor] ... in connection with the Baretz claims, as any such findings or judgment would violate the automatic stay under 11 U.S.C. § 362."

That remand order also retained jurisdiction over the pending motion of Goldstein under 28 U.S.C. § 1447(c) for payment of costs and fees incurred "as a result of the removing parties removal of the Baretz Claims."

### JURISDICTION

■ After removal of a state court action related to bankruptcy under 28 U.S.C. § 1452(a) consideration of a motion to remand under § 1452(b) lies here under core jurisdiction. 28 U.S.C. § 1452(b); *See Also In the Matter of Roper*, 203 B.R. 326, 336–37 (Bankr.N.D.Ala.1996) (discussing how 1990 amendment to § 1452(b) and the corresponding substitution of Fed. R.Bankr.P. 9027(e) with Rule 9027(d) made motions to remand core proceedings). Consideration after remand of a request under 28 U.S.C. § 1447(c) for fees and expenses related to the removal and remand lies under the same source of core jurisdiction.

### DISCUSSION

Goldstein's request for fees and expenses rests upon 28 U.S.C. § 1447(c) which deals with a successful motion to remand a removed "case" because that provision relates to "any case removed from a state court under § 1447(a)," and further provides:

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

Under 28 U.S.C. § 1452, which pertains to removal of claims relating to bankruptcy cases, removal is permitted (with excep-

tions not pertinent here) of "any claim or cause of action in a civil action ..." [*Id.*, at § 1452(a).] Thereafter

"(b) the Court to which such claims or cause of action is removed may remand such claim or cause of action on any equitable ground ..."

■ This contrasts with the general procedure for removing litigation not related to bankruptcy under 28 U.S.C. § 1446 which allows removal of "any civil action" that is removable. While bankruptcy matters are removable under 28 U.S.C. § 1452 rather than § 1447, weight of authority holds that the possibility of allowing fees under § 1447(c) applies to remands from § 1452 removals as well as from removals under § 1446. *See Things Remembered Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding that there is no indication that Congress intended § 1452(b) to be the exclusive provision governing removals and remands in bankruptcy and that § 1447(d) and § 1452(b) can "comfortably coexist in the bankruptcy context"); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (rejecting argument that attorney fee provision of § 1447(c) did not apply to remand under § 1452(b)); *Tenner v. Zurek*, 168 F.3d 328, 330 n. 2 (7th Cir.1998) (citing *Daleske* as applying § 1447(c) to bankruptcy cases).

■ Goldstein relies on the interpretation of § 1447(c) by the opinion entered in *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir.2000). In *Garbie*, the Circuit panel held that the successful appellants "were presumptuously entitled to recover reasonable attorney's fees." That quoted print of the opinion (*Id.* at 411) applied to the fees "presumptively" to be allowed that were "incurred in defending their award," i.e., incurred in defending the appeal from a § 1447(c) fee award. As to the standard for initial allowance of fees under § 1447(c), that opinion was clear that the

standard was abuse of discretion (*Id.* at 409), and because the removal "was unjustified under settled law" and DaimlerChrysler had "behaved absurdly" in removing similar cases all over the nation (*Id.* at 409), therefore the trial court judge "would have abused his discretion had he denied the plaintiff's request for fees" given that history of abusive removals and unwarranted appeals from the inevitable remand orders.

No such history of improper conduct dogs this case. Indeed, while the weight of authority was found to leave this court without jurisdiction over issues involving the alleged guarantee by Baretz, some authority was cited for arguable related jurisdiction. Moreover, the circumstances here upon the Baretz remand warranted a protective order to prevent adjudication in the remanded cause that might indirectly violate the automatic stay protecting the debtors here or otherwise cause unnecessary litigation. So there was some purpose served by removal of the Baretz part of the case even though it was remanded. Even if the Circuit panel in *Garbie* had intended that awards following remand under § 1447(c) should always be "presumptively" granted, the usefulness to debtors and avoidance of future unnecessary litigation expense from the Baretz litigation, and the fact that other removed issues clearly belong and remain here, would rebut any such presumption.

Another distinction from *Garbie* lies in the fact that it pertained to an order "remanding the case" which under § 1447(c) "may" require payments of fees and expenses. Remand of a bankruptcy related matter under § 28 U.S.C. § 1452 may involve any "claim or cause of action," and therefore an individual claim or cause of action may be remanded. Thus, under § 1447(c) one may claim fees for remand of the entire removed "case," whereas the bankruptcy judge may remand either the entire "cause of action" or a single "claim." It may at least be questioned whether § 1447(c) which applies to fees for removal of an entire "case" applies to remand of only one part of a multi-count action as in this case.

### CONCLUSION

Since the whole "case" was not remanded, by its terms § 1447(c) does not apply. Even if that provision applies, for reasons stated the Court exercises discretion to decline to award fees occasioned by removal of a case most of which was properly removed and remains here, and because it was appropriate that the remand order include protective language to avoid future unwarranted litigation in this court and in the state court.

Accordingly, and for both reasons, the request and motion by Goldstein for award of fees under 28 U.S.C. § 1447(c) is by separate order denied.