NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2014[*]
Decided June 9, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3832

| | |
|---|---|
| GREEN TREE SERVICING, LLC, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:13-CV-482 RLM |
| CYNTHIA S. DAMRON, | |
| *Defendant-Appellant.* | Robert L. Miller, Jr., *Judge.* |

**O R D E R**

Cynthia Damron, an Indiana resident who removed an Indiana foreclosure case to federal court three years after it began, challenges the district court's decision to award fees and costs of $9,879.85 against her for an unfounded removal. *See* 28 U.S.C. § 1447(c). Because Damron lacked a reasonable basis for the removal, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In her petition for removal, Damron focused on the state court plaintiff, Green Tree Servicing and its right to sue her. The state suit arose out of a mortgage loan and promissory note that Damron had signed with GMAC Mortgage. In April 2010, GMAC filed a foreclosure action against Damron alleging that she was delinquent on her mortgage payments. While the case was pending, GMAC declared bankruptcy and Green Tree acquired its servicing rights. The state court agreed to substitute Green Tree as the plaintiff in April 2013. A few months before the substitution, in January 2013, Damron had asserted that Fannie Mae (the Federal National Mortgage Association) had purchased her loan as a mortgage-backed security and was thus the "actual owner" of the mortgage. After Green Tree became the substituted plaintiff, it agreed with Damron that Fannie Mae "continued" to own the loan but asserted that once Green Tree had acquired GMAC's servicing rights, it became entitled to enforce the note.

In May 2013, thirty days after the substitution of Green Tree, Damron (then represented by counsel) removed the case. The removal came four months after Damron had asserted that Fannie Mae owned the loan and just a week before dispositive motions were due in state court. In her amended notice of removal, she argued that removal was proper based on Fannie Mae's "ownership" of the loan and the diverse citizenship of the parties (a position she no longer advances on appeal). *See* 28 U.S.C. §§ 1331, 1332(a). Only Fannie Mae, she said, could foreclose on her house. Because Fannie Mae had been under the conservatorship of a federal agency since 2008, it could sue in federal court. *See* 12 U.S.C. §§ 4511(b)(2), 4513(c)(1); *see generally* Housing and Economic Recovery Act of 2008, Pub. L. No. 110–289, 122 Stat. 2654. Thus, Damron concluded, the case was removable because it could have been brought originally in federal court.

On Green Tree's motion, the district court remanded the case to state court, finding no basis for federal jurisdiction. First, the court explained, long before the substitution of Green Tree as plaintiff, Damron had known of her asserted ground for removal and thus overshot the thirty-day deadline to for removal. 28 U.S.C. § 1446(b)(1). Apart from the lapsed deadline, the court also reasoned that removal was improper because the complaint pleaded a foreclosure claim based only on Indiana law that did not reveal a federal question. The court added that Damron could not remove her case based on diversity jurisdiction because she is a citizen of Indiana defending in Indiana state court. *See* § 1441(b)(2). Finally, concerning Green Tree's request for fees, the judge stated in open court the correct standard that fees should be assessed only when removal was objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). After finding that the timing of removal just before the deadline for dispositive motions "virtually

shrieks gamesmanship" and was designed to delay foreclosure, the court awarded fees and costs to Green Tree.

On appeal Damron (now proceeding pro se) asserts that the district court abused its discretion in awarding fees and costs against her. As in the district court, she generally maintains that removal was reasonable because her mortgage loan is owned by Fannie Mae, which is under the conservatorship of a federal agency, and a federal agency can always sue in federal court. 28 U.S.C. § 1345; s*ee generally DeKalb Cnty. v. Fed. Hous. Fin. Agency*, 741 F.3d 795, 797–98 (7th Cir. 2013) (discussing Fannie Mae's history).

The only order we may review on appeal is the award of fees and costs, not the underlying remand. 28 U.S.C. § 1447(d); *Garbie v. Daimler Chrysler*, 211 F.3d 407, 409–10 (7th Cir. 2000). We review deferentially the district court's exercise of discretion in awarding fees and costs, but consider any underlying questions of law *de novo. Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 470 (7th Cir. 2011).

Damron's defense of her removal petition seizes on the murky backdrop of the secondary mortgage market that caused the 2008 financial crisis. Her mortgage, like approximately 60% of mortgages in the United States, is technically recorded under the name of the Mortgage Electronic Registration Systems, Inc., though MERS itself has no financial interest in her mortgage. *See Union County v. MERSCORP, Inc.*, 735 F.3d 730, 732 (7th Cir. 2013) (discussing history of MERS in secondary-mortgage market); *M & M Inv. Group, LLC v. Ahlemeyer Farms, Inc.*, 994 N.E.2d 1108, 1122–23 (Ind. 2013) (same). Instead, the servicer and the owner of the mortgage-backed security both share a financial interest in the loan; the shared ownership can sometimes make it difficult to discern which one should file a foreclosure action. *See CWCapital Asset Mgmt., LLC v. Chi. Properties, LLC*, 610 F.3d 497, 500–01 (7th Cir. 2010) (explaining that mortgage servicer properly sued as real party in interest); *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 809 n.4 (Ind. 2012) ("There is no public record of the real party in interest in these mortgages, and MERS does not require member banks to report transfers … caus[ing] significant confusion for banks, borrowers, and courts.").

Despite complexities about shared ownership, for two reasons the district court properly concluded that Damron had no reasonable basis to remove. The first fatal defect in the petition was its untimeliness. Even if it were reasonable for Damron to think that Fannie Mae "owns" the mortgage and should therefore be the plaintiff, Damron believed in Fannie Mae's ownership (and knew about its federal conservatorship) at least four months before she petitioned for removal. She had reason more than thirty days before she

removed to argue that, as a result of Fannie Mae's "ownership," the United States or a federal agency is the proper plaintiff. Her delay beyond thirty days rendered the petition untimely. *See* 28 U.S.C. § 1446(b); *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 499 (7th Cir. 2012); *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533–34 (7th Cir. 2008).

The second fatal defect in Damron's petition was that it violated the rule of the well-pleaded complaint. In deciding whether a complaint may be removed, district courts look to see if a well-pleaded complaint discloses a basis for federal jurisdiction. *See Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). The complaint here is well pleaded and reveals none. In the complaint, Green Tree, a private company, contends that it currently holds and services Damron's delinquent promissory note. Under Indiana law, the holder and servicer may bring a foreclosure action to enforce the note. *See* IND. CODE § 26-1-3.1-301; *Blocker v. U.S. Bank Nat'l Ass'n*, 993 N.E.2d 1154, 1158 (Ind. Ct. App. 2013) ("U.S. Bank was the current holder of the original promissory note and, therefore, it was entitled to enforce the note."). So no basis for federal jurisdiction is apparent from the complaint.

Damron offers two responses, but neither supplies a reasonable ground for removal, and neither addresses the petition's untimeliness. First, she contends that Green Tree's rights were preempted by the federal law that created the conservatorship of Fannie Mae. But unless federal law has completely preempted an entire field of law (and no federal law has supplanted all of state foreclosure law), the defense of federal preemption, like any federal defense, is never an independent basis for federal jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13–14 (1983); *In re Repository Tech., Inc.*, 601 F.3d 710, 722–24 (7th Cir. 2010). Second, Damron contends that the district court lacked jurisdiction to award fees to Green Tree because the company supposedly does not have "standing" to sue since it does not "own" the loan. But her standing argument is irrelevant to whether the district court had jurisdiction to award fees (and the order of fees is the only decision we may address on appeal). The district court's jurisdiction to award fees was secured when it remanded the case. *See* 28 U.S.C. § 1447(c); *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465, 469 (7th Cir. 2013); *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).

Therefore the district court did not abuse its discretion in concluding that this untimely removal was groundless. Furthermore, Damron gives us no reason to disturb the district court's finding that delay was her true motivation for the belated removal on the eve of dispositive motions. Based on all these circumstances, the court permissibly exercised its discretion to award fees and costs to Green Tree. *See Martin*, 546 U.S. at 140;

*Micrometl Corp.*, 656 F.3d at 471–72; *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 913–15 (6th Cir. 2007). Also, Damron does not contest the computation of the amount of the award, so we leave intact the total award of $9,879.85.

One final note about this appeal. Litigants who receive an award of fees in the district court under § 1447(c) automatically receive reimbursement for the expense of defending the award on appeal. *MB Fin., N.A.*, 678 F.3d at 500; *Garbie,* 211 F.3d at 411. Thus Green Tree is entitled to legal fees for the cost of work reasonably performed in defense of the district court's decision. It has fourteen days to submit a statement of these fees. Damron will have fourteen days to respond.

On the merits, the district court's decision is AFFIRMED.