**SOUTH/SOUTHWEST ASSOCIATION OF REALTORS, INCORPORATED, an Illinois not-for-profit corporation, Plaintiff,**

v.

**The VILLAGE OF CRESTWOOD, A Municipal Corporation, Defendant.**

No. 96 C 8302.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 2, 1997.

Philip C. Stahl, David E. Schoenfeld, Dawn Eileen Gard, Grippo & Elden, Chicago, IL, for South/Southwest Association of Realtors Incorporated, an Illinois not-for profit corporation, plaintiff.

Thomas P. Sullivan, Sarah C. Hardgrove, Jenner & Block, Chicago, IL, for Village of Crestwood, a Municipal Corporation, defendant.

## ORDER

GETTLEMAN, District Judge.

Plaintiff, South/Southwest Association of Realtors, Inc., filed this action on December

---

18, 1996, against The Village of Crestwood, seeking to enjoin the enforcement of certain residential "for sale" sign ordinances that had been in effect for some twenty-five years, apparently without having been enforced by the Village. Eight days prior to filing the action, plaintiff's attorneys sent a demand letter to the Village's attorney, which stated plaintiff's demand that the Village repeal the ordinances, its reasons for believing the ordinances were unconstitutional, and giving the Village until December 18, 1996, to respond. The Village's attorney notified plaintiff's attorney that, because of the Christmas holiday, no committee meeting was scheduled in which the Village could discuss plaintiff's demand or the ordinances. Nevertheless, plaintiff filed its lawsuit on December 18, and on December 19 the Board of Trustees of the Village, at its regularly scheduled meeting, voted to repeal the ordinances. On that same day, defendant filed a motion for a temporary restraining order, which was set for hearing on December 23, 1996.

When the parties appeared for the TRO motion, they acknowledged that the ordinances had been repealed, although plaintiff stated that it still harbored fears that the Village might reenact the ordinances if the case were dismissed, and stated that it wanted its attorneys' fees paid. The court denied the TRO motion as moot. The parties appeared next at a January 23, 1997, status hearing, at which the court was informed that the ordinances had not been reenacted. The court set the matter for a status report on February 19, 1997, at which a schedule would be set on a motion to dismiss the case as moot, unless it was resolved before then. On that date, plaintiff filed a notice of dismissal under Fed.R.Civ.P. 41(a). Thereafter, the only issue remaining in this case has been plaintiff's request for attorneys' fees.

Plaintiff seeks a total of $42,495.00 in attorneys' fees, along with $1,618.84 in costs (the latter of which is not contested). After the matter was briefed,[1] at a hearing on September 10, 1997, the court ruled that plaintiff was the prevailing party, and directed defendant to comply with Local General Rule 47(G)(2), which requires a party opposing a fee petition to set forth the total amount of fees that that party deems should be awarded, including a table giving the responding party's position as to the name, compensable hours, appropriate rates, and totals for each biller listed by the movant in its petition. Thereafter, defendant filed a memorandum breaking down plaintiff's attorneys' time as specified in the rule, and reducing their hours to a blanket 30% of the fees that plaintiff had requested at that time. Plaintiff responded that this submission did not comply with Local Rule 47, and submitted a supplemental time and expense report adding an additional $5,547.20 to the $38,-566.64 previously requested.

The court finds that defendant's submission of a Rule 47(G)(2) statement slashing plaintiff's fees across the board by 70% does not comply with the spirit of Rule 47, which was promulgated to promote amicable resolution and lessen the burden on the court by defining the areas of actual disagreement between the parties to a fee petition dispute. Nevertheless, the court will accept that submission and address the merits of defendant's position.

That position can be summarized as complaining that plaintiff's attorneys, who are admittedly very experienced in the area of law at issue in this case, did not have to expend very much time drafting the complaint, or preparing and prosecuting the case. Defendant complains that it was never given a reasonable chance to investigate plaintiff's demand and conform its ordinances to the constitutional claims raised by plaintiff's attorneys. This court agrees, up to a point. It seems unreasonable for plaintiff to have demanded that the Village repeal an ordinance within eight days or less from the receipt of its attorneys' demand letter. There does not appear to have been any compelling reason requiring plaintiff to have filed this action when it did, particularly since the ordinances

---

1. Defendant's brief took the position that plaintiff was not entitled to any fees because this litigation was needless, given the allegedly unreasonable demand by plaintiff for the Village to repeal its ordinances in an unreasonably short time (especially given the Christmas holiday), and defendant's compliance with plaintiff's demand one day after the suit was filed.

in question had been on the books since 1972 and, at least according to defendant, have never been enforced.

On the other hand, the ordinances appear clearly to have been unconstitutional according to the pertinent case law,[2] and plaintiff was under no legal duty to refrain from exercising its constitutional rights. Since, as noted above, the court has already ruled that plaintiff is the prevailing party, the only remaining issue is how much of the claimed fees is reasonable under 28 U.S.C. § 1988.

■ As noted above, Local Rule 47 was adopted to assist the court in determining attorneys' fees by requiring the parties to set out their respective positions regarding which fees are properly payable, and which are not. Although the court agrees with defendant that the amount of fees claimed for this rather minor skirmish appear to be much higher than one would anticipate, defendant has failed to identify those fees submitted by plaintiff via its attorneys' time sheets which defendant claims to be excessive, even after being directed to do so. At the last hearing on October 14, 1997, defendant's counsel stated that defendant was standing on its latest submission. Defendant's counsel stated:

"... I just want to say that Your Honor ordered at the last hearing that we comply with 47(g)(2), and we have done so. This case is not a case in which it is appropriate for us to go through line by line the hourly charges of the plaintiff's lawyers. Rather, the case involves some general propositions that we have made very succinctly in this response, including the fact that this suit was totally unnecessary, it shouldn't have been filed in the first place. . . .

But we say that had they waited a couple of days, the ordinance would have been repealed, and this suit would have been unnecessary, as the ordinance was repealed, it had never been enforced in all the years it was in effect; and, furthermore, that the plaintiff's counsel had engaged in exactly this kind of litigation be-

fore, and the charges that they ran up here were totally unreasonable and excessive.

Now, those are the kinds of things that we are presenting to Your Honor. It does not involve taking line by line what they did, but it's more of a general proposition that we're submitting to you which I think complies with the ruling."

The problem with this position is that the Seventh Circuit, in *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1204 (7th Cir.1984), held that it would be an abuse of discretion for a district judge to reduce a fee request by an arbitrary percentage without indicating the specific fees that it found to be excessive. It was defendant's responsibility, under Local Rule 47(G)(2), to indicate which fees it considered excessive, but its suggested across-the-board reduction of plaintiff's fees by 70% would be impermissibly arbitrary under the *Heiar* decision.

■ Accordingly, the court, reluctantly, has examined plaintiff's fee petition and makes the following findings:

1. Plaintiff is entitled to all of its fees through December 1996. At that time, the litigation was effectively over, because defendant had repealed the ordinances and there was no threat to reenact them. Fees through December 31, 1996, total $11,887.50.

2. Although a closer question than December's fees, the court finds that plaintiff is entitled to the fees incurred in January 1997, prior to the date that this litigation turned into a contest solely about fees. The fees for January total $2,538.00.

3. With respect to the fees beginning February 1997, the court finds that plaintiff is entitled to all the fees incurred regarding preparing the Rule 41(a) notice of dismissal and attending the February 19 status conference (a total of $253.00). The remaining time was spent preparing and litigating a fee petition. As defendant points out, plaintiff claims $2.00 in fees for preparing and litigating the fee petition for

---

2. *See Linmark Associates, Inc. v. Township of Willingboro*, 431 U.S. 85, 96, 97 S.Ct. 1614, 1619, 52 L.Ed.2d 155 (1977).

every $1.00 it claims in fees for preparing and litigating the underlying lawsuit.

Accordingly, the court has computed a reasonable fee for preparing and litigating the fee petition as follows: A total of 91.6 hours were billed by plaintiff's law firm for this work. Since the court finds that this is work that could and should have been done by an associate, and not the high-priced senior partners who billed a substantial portion of that time, the court will award fees based on those hours times $140.00 per hour, for a total of $12,824.00.

The court, therefore, grants plaintiff's petition for attorneys' fees in the sum of $27,-502.50, along with $1,618.84 in costs.