Lisa TENNER and Tenner & Associates, Incorporated, a Nevada Corporation, Plaintiffs–Appellees,

v.

Kenneth ZUREK, Defendant–Appellant.

No. 98–1610.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 1998.*

Decided Feb. 16, 1999.

John L. Malevitis (submitted), Chicago, IL, for Plaintiff–Appellee.

Kenneth P. Zurek, Franklin Park, IL, Pro se.

Before RIPPLE, MANION and KANNE, Circuit Judges.

---

* After an examination of the briefs and the record, we concluded that oral argument was unnecessary, and the appeal was submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

RIPPLE, Circuit Judge.

Kenneth Zurek, an attorney appearing pro se, appeals the district court's award of expenses including attorney fees. This award was made after the district court remanded to state court a case previously removed to federal court. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

Lisa Tenner and Tenner & Associates, Inc. (collectively, "Tenner") brought an action in the Circuit Court of Cook County, Illinois against Mr. Zurek, an Illinois resident. The complaint sought to enforce a preliminary injunction issued in a Nevada court or, in the alternative, to enjoin Mr. Zurek from continuing to engage in alleged defamation and interference with Tenner's business relations. On July 28, 1997, Mr. Zurek filed a notice of removal. He took the position that Tenner's complaint artfully pleaded numerous federal claims, including claims under the First Amendment and federal statutes relating to extortion, racketeering and "stalking." After removal, the district court granted Tenner's motion for remand. *See* 28 U.S.C. § 1447(c). It also awarded fees and expenses. *See id.*

# II

## DISCUSSION

■■■ Mr. Zurek does not appeal the remand order; such an appeal is barred by 28 U.S.C. § 1447(d). His appeal is limited to the award of fees and expenses; we have jurisdiction to review this award. *See La-Motte v. Roundy's, Inc.*, 27 F.3d 314, 315 (7th Cir.1994). We review the district court's decision for abuse of discretion. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105

F.3d 252, 258 (6th Cir.1997); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir.1993); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir.1992).

### 1.

Mr. Zurek contends that his asserted bases for removal were "colorable" and that he harbored no "improper purpose." He submits that, because there is no evidence that he acted other than in good faith, he should not be liable for the expenses that Tenner incurred as a result of the removal.[1]

Prior to the amendment of the removal statutes in November 1988, § 1447(c) authorized a district court, when it remanded an improperly removed action back to state court, to award "just costs" to the party resisting removal. However, the earlier section did not authorize a district court to award attorney fees. Without such authorization in the statute, many courts followed the "American rule," which provides that, in the absence of a statutory or contractual provision allotting fees, attorney fees should not be awarded unless there was demonstrable bad faith. *See Miranti*, 3 F.3d at 927 n. 2; *Moore*, 981 F.2d at 446. After § 1447(c) was amended, however, the statute contained an explicit authorization for the awarding of attorney fees: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Because the statute unambiguously authorizes the award of attorney fees, many courts have held that bad faith on the part of the removing party is not necessary to award attorney fees to the party resisting removal. *See Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir.1997); *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir.1997); *In re Lowe*, 102 F.3d 731, 733 n. 2 (4th Cir.1996); *Mints v. Educational*

---

1. Mr. Zurek contends, as well, that the award of expenses was improper because the district court failed to consider the nature of the removal and subsequent remand. This assertion is without merit. The district court concluded that the complaint contained no federal claim and that it could not be removed on the basis of diversity because the defendant was a resident of Illinois. It cannot reasonably be disputed that the district

court remanded the case to state court because it appeared to that court that it lacked subject matter jurisdiction over the complaint. Because the district court remanded the case properly pursuant to § 1447(c), we are without jurisdiction over this matter. *See Severonickel v. Gaston Reymenants*, 115 F.3d 265, 267–69 (4th Cir. 1997).

*Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir. 1996); *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 239–40 (6th Cir.1993); *Moore,* 981 F.2d at 446–47; *Morgan Guar. Trust Co. v. Republic of Palau,* 971 F.2d 917, 923–24 (2d Cir.1992).[2]

■ We agree with those courts that have held that § 1447(c), as amended, removed the need to show bad faith to receive attorney fees. The plain wording of the statute manifests a Congressional determination that the district court ought to seek a fair allocation of all the costs of defending against an improper removal.[3] "By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court." *Moore,* 981 F.2d at 446. Bad faith remains, of course, a factor that the district court may consider in the imposition of sanctions. *See Morgan Guar. Trust Co.,* 971 F.2d at 923–24. Nevertheless, in deciding whether to award fees and costs, the district court was not obliged to make a determination of Mr. Zurek's good or bad faith.

### 2.

■ Mr. Zurek also submits that the district court's award is erroneous for many other reasons. We have reviewed each of these contentions and conclude that they are without merit and warrant only minimal discussion.

■ There is no basis for Mr. Zurek's contention that the district court focused only on the lack of diversity jurisdiction despite his sole reliance on federal question jurisdiction. Nor did the district court award costs for legal work not associated with the removal of the case. Under § 1447(c), expenses may be incurred by parties as soon as the process of removal is undertaken and until and including the process of remand. *See Avitts,* 111 F.3d at 32; *Mints,* 99 F.3d at 1259. The district court awarded fees only for counsel's document preparation expenses that related directly to the removal action. Likewise, the district court committed no error by including in its award counsel's travel costs. *See In re Maurice,* 69 F.3d 830, 834 (7th Cir.1995). Nor did the district court abuse its discretion in determining $150 to be a reasonable hourly rate. *See Pierce v. Underwood,* 487 U.S. 552, 571–73, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (analyzing the reasonableness of attorney fees award); *Gotro,* 69 F.3d at 1488 (with respect to fees, district court best knows the standards of the local bar); *Ustrak v. Fairman,* 851 F.2d 983, 987 (7th Cir.1988) (district court is best suited to scrutinize reasonableness of attorney fees).

Mr. Zurek further asserts that this award ought to be vitiated because of certain procedural irregularities in the district court's consideration of the matter. In a single sentence, he asserts that the district court erred in ruling on Tenner's fee request without a hearing. Thus, he submits, the court accepted "less than competent proof" of the number of hours that Tenner's counsel spent on the case. Because Mr. Zurek has not developed this conclusion into a cognizable argument in his brief on appeal, he has waived it. *See Mathis v. New York Life Ins. Co.,* 133 F.3d 546, 548 (7th Cir.1998). In a similar vein, Mr. Zurek also argues that the court

---

**2.** Some courts have required "a showing that the removal was improper ab initio." *Suder,* 116 F.3d at 1352; *see also Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir.) (requiring a determination that the defendant's decision to remove was "legally improper" as a prerequisite to the award of attorney fees), *cert. denied,* —— U.S. ——, 118 S.Ct. 435, 139 L.Ed.2d 335 (1997); *Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324 (10th Cir.) (applying § 1447(c) to bankruptcy removal cases, considering propriety of removal), *cert. denied,* 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994); *Miranti,* 3 F.3d at 928–29 (concluding that the "propriety of the defendant's removal continues to be central in determining whether to impose fees"). We do not

understand the articulation of this factor to be the functional equivalent of requiring a showing of bad faith.

**3.** Neither party suggests that there is a contingency fee agreement in this case. In *Gotro v. R & B Realty Group,* 69 F.3d 1485 (9th Cir.1995), a sharply divided Ninth Circuit interpreted § 1447(c) to authorize an award of expenses even in cases in which the party seeking expenses has negotiated a contingency fee contract with counsel. We reserve for another day the appropriate application of § 1447(c) in such circumstances.

erred in awarding expenses because the parties had not conferenced on Tenner's fee petition pursuant to Local Rule 47 of the district court. Local Rule 47 aims to promote "amicable resolution" by encouraging the parties to define their areas of actual disagreement regarding fee awards. *See South/Southwest Ass'n of Realtors, Inc. v. Village of Crestwood*, 985 F.Supp. 833, 834 (N.D.Ill.1997). The district court excused compliance with the conference provision because of "the apparent animosity that exists between defendant and the law firm for plaintiffs." R.18 at 3. We have recognized that district courts have discretion in interpreting and applying their local rules, *see Max M. v. New Trier High Sch. Dist. No. 203*, 859 F.2d 1297, 1300–01 (7th Cir.1988), and Mr. Zurek offers no reason for us to question the district court's exercise of that discretion in this case. Finally, we see no abuse of discretion in the decision of the district court to consider Mr. Zurek's complaints about the behavior of opposing counsel to be matters most appropriately left for consideration by the state court.

### Conclusion

The record demonstrates that the district court did not abuse its discretion in awarding Tenner expenses incurred due to removal of this litigation. Accordingly, the order of the district court is affirmed.

AFFIRMED