In re: WAL–MART EMPLOYEE LITIGATION

No. 03–C–0503.

United States District Court,
E.D. Wisconsin.

June 30, 2003.

James J. Murphy, Robert F. Johnson, Milwaukee, WI, for Plaintiff.

Bernard J. Bobber, Milwaukee, WI, Daniel A. Kaplan, Madison, WI, Raymond J. Carey, Detroit, MI, for Defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

## I. BACKGROUND

Plaintiffs commenced this action in Milwaukee County Circuit Court almost two years ago on behalf of a proposed class of past and current Wisconsin employees of Wal–Mart. Plaintiffs allege that Wal–Mart engaged in a variety of unlawful practices with respect to its hourly employees, including failing to record their time and pay them for off-the-clock work and overtime and calling them back to work during breaks without compensation. Plaintiffs allege that Wal–Mart violated various state statutes and administrative rules, including Wis. Stat. § 109.03 and Wis. Admin. Code Ch. DWD § 274.01 et. seq. Plaintiffs also bring a number of claims under Wisconsin common law including breach of implied contract, unjust enrichment and promissory estoppel. Plaintiffs state in their complaint that their claims are based solely on state law, and that they allege no federal law claims:

> In addition, Plaintiffs assert no claims arising from federal law. The causes of action pled in this matter are based solely on, and arising from, Wisconsin law. The claims of Plaintiffs and the Class members are claims for violations of Wisconsin law .... Plaintiffs, as masters of their complaint, plead no federal claims.

(Notice of Removal Ex. A at 2.)

The case was litigated in state court until May 30, 2003 when, pursuant to 28 U.S.C. § 1441, Wal–Mart removed it. Based on several references to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., in plaintiffs' reply brief in support of their motion for class certification, Walmart contends that federal jurisdiction is proper under 28 U.S.C. § 1331. The statement on which Wal–Mart relies is as follows:

> However, the wage and hour statutory obligation contained in the FLSA is read into and becomes a part of every employment contract between an employer and an employee. *Northwestern Yeast Co. v. Broutin*, 133 F.2d 628, 631 (6th Cir.1943). Part and parcel of the employer's obligation to pay wages for all hours worked is the FLSA's mandate that an employer make, keep and preserve records of all time worked by employees. 29 U.S.C. § 111(c); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).

(Pls.' Reply Br. at 21.)

Following removal, plaintiffs moved to remand. In this decision, I address their motion.

## II. WHETHER REMOVAL WAS PROPER

■■■ Under 28 U.S.C. § 1441(a), removal of a state civil action is proper where "the district courts of the United States have original jurisdiction." The district courts' original jurisdiction extends to "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Seinfeld v. Austen*, 39 F.3d 761, 763 (7th Cir.1994). In order for a case to "arise under" the Constitution or laws of the United States, a substantial claim of the plaintiffs' must be founded directly on federal law. *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir.2001). In determining whether this standard is met, I examine the allegations in the complaint and ignore potential defenses. *Beneficial Nat'l Bank v. Anderson*, —— U.S. ——, ——, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003). As the *International Armor* court points out, the requirement that a substantial claim of the plaintiffs' be directly founded on federal law "leaves much play in the joints: What is 'substantial,' and how 'direct' is direct enough?" *Int'l Armor*, 272 F.3d at 915. In answering these questions, a court must look beneath the surface of the allegations and make its own assessment of what law the claim arises under. *Id.*

■■■ On a motion to remand, the party invoking removal authority bears the burden of establishing the court's jurisdiction over the case, the removal statute is strictly construed against removal, and all doubt is resolved in favor of remand. *Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.*, 70 F.Supp.2d 888, 892 (E.D.Wis.1999). Thus, in the present case, Wal–Mart bears the burden of establishing that a substantial claim of plaintiffs' is founded directly on federal law.

According to the allegations in the complaint, all of plaintiffs' claims are based on state law. Plaintiffs allege that Wal–Mart violated state statutes and state administrative rules, and that it breached duties imposed by state common law. Plaintiffs' complaint makes no mention of the FLSA and, in fact, expressly disavows reliance on federal law.[1] Further, plaintiffs seek only

---

1. Federal and state courts have concurrent jurisdiction over suits instituted under the FLSA. 29 U.S.C. § 216(b) (providing that an FLSA action "may be maintained ... in any Federal or State court of competent jurisdiction"). Until recently, it would have been arguable whether, even if plaintiffs' claims were based on the FLSA, Wal–Mart could have removed the case to federal courts. However, in *Breuer v. Jim's Concrete of Brevard, Inc.*, —— U.S. ——, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003), the Supreme Court held

state law remedies. In addition, when Wal–Mart advised plaintiffs that it was contemplating removal based on the references to the FLSA in their reply brief, plaintiffs offered to delete the references and to stipulate that they were not alleging a claim under federal law.

Wal–Mart removed the case solely on the basis of the references to the FLSA in plaintiffs' reply brief. Wal–Mart argues that it is reasonable to infer from plaintiffs' statement that "the wage and hour statutory obligations contained in the FLSA is read into and becomes a part of every employment contract between an employer and employee" that it is necessary to interpret the FLSA to adjudicate plaintiffs' claims, and that, therefore, plaintiffs' claims are directly founded on federal law.

Plaintiffs respond that Wal–Mart takes the references to the FLSA out of context and exaggerates their importance to plaintiffs' claims. Plaintiffs argue that state statutes such as Wis. Stat. § 109.03(1), state administrative rules and Wisconsin common law impose obligations on Wal–Mart, and that their claims are founded on these provisions not the FLSA. Plaintiffs state that they referred to the FLSA solely to buttress their state law claims, and that it would be unreasonable to infer from these references that it is necessary to resolve FLSA issues in order to decide the case. Plaintiffs add that litigants commonly support an argument by citing law from other jurisdictions and that, in the employment law area, Wisconsin courts frequently look to federal law for guidance. *See, e.g., Bucyrus–Erie Co. v. Dep't of Indus., Labor & Human Relations, Equal Rights Div.,* 90 Wis.2d 408, 421 n. 6, 280 N.W.2d 142 (1979) ("This court has looked to . . . federal decisions before for guidelines in applying the state fair employment law.").

Construing the removal petition strictly against removal and resolving all doubts in favor of remand, I conclude that Wal–Mart has not met its burden of showing that a substantial claim of plaintiffs' is directly founded on federal law. The references to the FLSA in plaintiffs' reply brief, on which Wal–Mart's entire argument is based, do not compel an inference that plaintiffs' claims are founded on federal law. It is not unreasonable to construe the references as meaning that the FLSA is consistent with, but not essential to, the law on which plaintiffs' claims are based. In view of the fact that plaintiffs allege only state law claims and argue that they can prove such claims without relying on the FLSA, plaintiffs' references to the FLSA in their reply brief do not require a conclusion that it is necessary to interpret the FLSA in order to determine Wal–Mart's liability. Without more, the references are insufficient to establish that plaintiffs' claims arise under federal law. "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir.1996).

## III. COSTS, FEES AND SANCTIONS

Pursuant to 28 U.S.C. § 1447(c), plaintiffs request that I order Wal–Mart to reimburse them for the costs and attorneys' fees that they incurred in opposing removal, and, pursuant to Fed.R.Civ.P. 11(c), they ask me to impose sanctions on Wal–Mart for removing the case. First, I address plaintiffs' request for costs and fees.

that FLSA suits filed in state court are removable.

 Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees and costs under § 1447(c) is within the discretion of the court. *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir.1999). Subsection (c) does not provide direction as to how discretion should be exercised. The commentary states that an award is appropriate if the court finds that the removal was "improper." 28 U.S.C. § 1447 note (Commentary on the 1988 Revisions by David D. Siegel) (quoted in *Katonah v. USAir, Inc.*, 876 F.Supp. 984, 990 (N.D.Ill. 1995)). However, costs and fees may be ordered without a finding that the removal was in bad faith. *Tenner*, 168 F.3d at 329–30. This is so because § 1447(c) "is *not* a sanctions rule; it is fee shifting statute, entitling the district court to make whole the victorious party." *Garbie v. Daimler-Chrysler Corp.*, 211 F.3d 407, 410 (7th Cir.2000).

Regarding fee-shifting rules, the Seventh Circuit has stated that the winner "is entitled to fees unless the opponent establishes that his position was 'substantially justified.' This is the same formulation employed in the Equal Access to Justice Act ...." *Rickels v. City of S. Bend*, 33 F.3d 785, 787 (7th Cir.1994). Under this test, a court should award costs and fees if the position of the removing party was " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Substantially justified means more than "reasonably justified," *id.* at 566 n. 2, 108 S.Ct. 2541, and it means "more than merely undeserving of sanctions for frivolousness" *id.* at 566, 108 S.Ct. 2541. Under this standard, the court "looks to whether a defendant had a good reason to remove the case, and thus to the merits of the removal ...."

*Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir.1992).

 In the present case, the merits of the removal were weak. Wal–Mart fell far short of satisfying its burden of establishing federal jurisdiction. As previously discussed, the removal petition was based entirely on several references to the FLSA in plaintiffs' reply brief. In the context of the entire case, these references constituted an extremely slender reed on which to base a removal petition. Plaintiffs' complaint alleged only state law violations and expressly eschewed reliance on federal law. Further, the parties had litigated the case in state court for nearly two years, and the issue of whether plaintiffs' claims were based on federal law had apparently never arisen. Thus, the removal petition was not substantially justified, and plaintiffs are entitled to reasonable attorneys' fees and costs incurred from the time that "the process of removal [was] undertaken and until and including the process of remand." *Tenner*, 168 F.3d at 330.

 Plaintiffs also ask me to impose sanctions. Under Fed.R.Civ.P. 11(b), I may award sanctions if a filing is presented for an "improper purpose" or if the legal arguments are "[un]warranted." The rule is principally designed to prevent filings that are baseless. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 719 (7th Cir.2002). Sanctions will be imposed if a lawyer files a complaint with improper motives or without adequate investigation. *Id.* Based on the record before me, I cannot conclude that Wal–Mart removed for an improper purpose or that its arguments were unwarranted. Plaintiffs' references to the FLSA gave Wal–Mart an opening and, although the opening was small, it provided Wal–Mart with a non-frivolous argument for removal. Further, the Seventh Circuit has indicated that an award of costs and fees under § 1447(c) should be

regarded as an alternative to sanctions, *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367 (7th Cir.2000), and, for this reason also, plaintiffs' motion for sanctions will be denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the case is **REMANDED** to the Circuit Court of Milwaukee County.

**IT IS FURTHER ORDERED** that plaintiffs be reimbursed for reasonable attorneys' fees and costs incurred in connection with removal.

**FINALLY, IT IS ORDERED** that plaintiffs' request for sanctions is **DENIED**.