**PIPER JAFFRAY & CO., Plaintiff,**

v.

**Nina SEVERINI and David Lehrer, Defendants.**

**No. 06–C–346–S.**

United States District Court,
W.D. Wisconsin.

Aug. 8, 2006.

Mark A. Frankel, La Follette, Godfrey & Kahn, Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Piper Jaffray & Co. commenced this civil action against defendants Nina Severini and David Lehrer in Dane County Circuit Court seeking injunctive relief. Defendants removed this action pursuant to 28 U.S.C. § 1441 citing 28 U.S.C. § 1332 as grounds for removal. The matter is presently before the Court on plaintiff's motion to remand as well as its motion for attorneys' fees. The following facts relevant to plaintiff's motion to remand are undisputed.

## BACKGROUND

Plaintiff Piper Jaffray & Co. is a Delaware corporation with its principal place of business in the State of Minnesota. Plaintiff is a securities broker-dealer and a commodities futures commission merchant that provides a wide range of financial services to its clients including clients in Madison, Wisconsin. Defendant Nina Severini is a citizen of the State of Wisconsin residing in Mt. Horeb, Wisconsin. Defendant David Lehrer is likewise a citizen of the State of Wisconsin residing in Monona, Wisconsin.

On June 23, 2006 plaintiff commenced an action against defendants in this Court by filing a complaint seeking injunctive relief. Additionally, on said date plaintiff filed a motion for a temporary restraining order and a preliminary injunction. The Court scheduled an injunctive hearing on plaintiff's motion for July 12, 2006 at 10:00 a.m. However, said hearing never occurred because on June 26, 2006 plaintiff voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41.

On June 26, 2006 at approximately 1:02 p.m. plaintiff commenced this action for injunctive relief by filing a complaint against defendants in Dane County Circuit Court.[1] Additionally, on said date plaintiff filed a motion for a temporary restraining order and a preliminary injunction.

On June 26, 2006 at approximately 1:30 p.m. the Dane County Circuit Court, Judge Sarah B. O'Brien presiding, conducted a telephonic motion hearing on plaintiff's motion for a temporary restraining order. Judge O'Brien granted plaintiff's motion. However, Judge O'Brien conditioned the issuance of the restraining order upon plaintiff's posting of a $300,000 bond. Additionally, the court scheduled an evidentiary hearing on the matter for June 27, 2006 at 1:15 p.m. However, the restraining order was never issued and the evidentiary hearing never occurred because on June 26, 2006 at approximately 4:22 p.m. defendants filed their notice of removal. Defendants allege diversity jurisdiction pursuant to 28 U.S.C. § 1332 as grounds for removal. It is undisputed that this action does not involve a federal question.

## MEMORANDUM

Plaintiff asserts both defendant Severini and defendant Lehrer are citizens of the

---

1. Plaintiff's June 26, 2006 complaint is nearly identical to its June 23, 2006 complaint and the relief requested in each is identical.

State of Wisconsin. Accordingly, plaintiff argues defendants were prohibited from removing this action pursuant to the forum defendant rule expressed in 28 U.S.C. § 1441(b). As such, plaintiff argues this action must be remanded to the Circuit Court for Dane County, Wisconsin. Additionally, plaintiff argues it is entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) because defendants improperly used removal to prevent the issuance of the temporary restraining order.

Defendants do not dispute either their status as Wisconsin citizens or the existence of the forum defendant rule. However, defendants assert plaintiff waived its right to object to removal because it subjected itself to federal jurisdiction when: (1) it filed its June 23, 2006 complaint; and (2) after filing its motion to remand it requested that the Court grant a temporary restraining order. Alternatively, defendants argue plaintiff is judicially estopped from objecting to removal because it has taken inconsistent positions and it has engaged in blatant forum shopping. Finally, defendants argue plaintiff is not entitled to an award of attorneys' fees because removal was substantially justified and not contrary to settled law.

### A. Plaintiff's motion to remand

Generally, removal is appropriate only if a federal district court has original jurisdiction over the action. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993)(*citing* 28 U.S.C. § 1441). The party seeking removal bears the burden of establishing federal jurisdiction and removal statutes are narrowly construed. *Id. (citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Illinois v. Kerr–McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir.1982), *cert. denied*, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618). Additionally, any doubt regarding jurisdiction should be resolved in favor of the states. *Id. (citing Jones v.*

*Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976)). Accordingly, as a preliminary matter, the Court must address whether it has original jurisdiction over this action.

Federal courts are courts of limited jurisdiction. They can adjudicate only those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: (1) the United States is a party, (2) a federal question is involved; or (3) diversity of citizenship exists. *See Allstate Life Ins. Co. v. Hanson*, 200 F.Supp.2d 1012, 1014 (E.D.Wis.2002) (*citing Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).

The United States is not a party to this action. Additionally, it is undisputed that this action does not involve a federal question. Accordingly, the Court has original jurisdiction over this action only if diversity of citizenship exists. *Id.* For jurisdictional purposes, plaintiff is a Delaware corporation with its principal place of business in the State of Minnesota. Defendants Severini and Lehrer are both citizens of the State of Wisconsin. Accordingly, this action is between citizens of different states which is required under 28 U.S.C. § 1332(a)(1).

However, the analysis does not stop there because the $75,000 jurisdictional amount in controversy must also be satisfied to have diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's complaint seeks injunctive relief. While a suit for injunctive relief does not seek monetary relief per se such a suit can satisfy the required jurisdictional amount in controversy. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir.2003). In such a suit "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347,

97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977) (citations omitted). In the Seventh Circuit, the object of the litigation may be valued from either perspective: (1) what plaintiff stands to gain; or (2) what it would cost defendant to meet plaintiff's demand. *Macken ex rel. Macken,* at 799–800 (citations omitted). Accordingly, when one considers the allegations contained in plaintiff's complaint it can hardly be argued that the jurisdictional amount in controversy is not satisfied by the object of this litigation. In fact, neither party contests the adequacy of the amount in controversy. Accordingly, the Court has original jurisdiction over this action pursuant to diversity of citizenship, 28 U.S.C. § 1332.

However, not every diversity action qualifies for removal. *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 378 (7th Cir.2000). For cases commenced in state court where it is a defendant who wants a federal forum there is an additional hurdle to clear before successfully reaching federal court. *Id.* That hurdle is 28 U.S.C. § 1441(b) which states as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

■ This rule, often referred to as the forum defendant rule, *Hurley,* at 378, applies to this action because both defendants are citizens of the State of Wisconsin and plaintiff brought its action in a Wisconsin state court. Accordingly, defendants removal of this action was improper. However, defendants argue that despite application of the forum defendant rule to this action plaintiff waived its objection to removal by subjecting itself to the jurisdiction of this Court. In the Seventh Circuit, the forum defendant rule is non-jurisdictional. *Id.* at 380. Accordingly, a plaintiff can waive its objection to such an improper removal. *Allstate Life Ins. Co.,* at 1015.

■ First, a plaintiff can waive its objection to an improper removal by failing to file a motion to remand within thirty days after a defendant files its notice of removal. *See W. Sec. Co., a Subsidiary of Universal Mortgage Corp. v. Derwinski,* 937 F.2d 1276, 1279 (7th Cir.1991) (citations omitted); 28 U.S.C. § 1447(c). In this action, defendants filed their notice of removal on June 26, 2006. Plaintiff filed its motion to remand on June 27, 2006. Accordingly, plaintiff filed its motion to remand within the thirty day time period expressed in 28 U.S.C. § 1447(c) thus preserving its objection to removal.

■ However, there is another manner in which a plaintiff can waive its objection to removal. A plaintiff can waive its objection to removal by acquiescing in the federal court's jurisdiction. A plaintiff acquiesces to the federal court's jurisdiction when it undertakes affirmative action in such a court. *Lanier v. Am. Bd. of Endodontics,* 843 F.2d 901, 904 (6th Cir.1988)(*citing In re Moore,* 209 U.S. 490, 28 S.Ct. 706, 52 L.Ed. 904 (1908); *Harris v. Edward Hyman Co.,* 664 F.2d 943 (5th Cir.1981)). However, a district court has broad discretion in deciding whether a plaintiff has waived its right to object to procedural irregularities in removal proceedings. *Id.* at 905 (citations omitted). The Court finds that plaintiff has not waived its objection to removal by undertaking affirmative action in this Court.

■ Defendants argue that when plaintiff filed its June 23, 2006 complaint it asserted the jurisdiction of this Federal Court. While defendants' argument is

correct it is irrelevant because plaintiff voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41. A voluntary dismissal leaves the situation as if a suit had never been brought. *Bryan v. Smith,* 174 F.2d 212, 214 (7th Cir.1949) (citations omitted). Accordingly, the Court cannot consider any action taken by plaintiff during the pendency of that action.

However, defendants assert that actions taken by plaintiff in this case (actions associated with its June 26, 2006 complaint) demonstrate that it waived its right to object to removal. Defendants cite *Johnson v. Odeco Oil & Gas Co.,* 864 F.2d 40 (5th Cir.1989) and *Lanier, supra,* to support their assertion. However, these cases are distinguishable from the present action because in both *Johnson* and *Lanier* the plaintiff engaged in considerable substantive pre-trial litigation before he or she moved to remand his or her respective case.

In *Johnson,* before plaintiff moved to remand he attended depositions noticed by defendants, amended his complaint in federal court, engaged in considerable discovery, and the action had proceeded to a point where defendants moved for summary judgment. *Johnson,* at 42. Likewise, in *Lanier* before plaintiff moved to remand she entered into stipulations, filed requests for discovery, sought to amend her complaint, filed a new lawsuit against defendant in federal court, demanded trial by jury, and proceeded with discovery. *Lanier,* at 905.

▮ However, in this action plaintiff filed its motion to remand before any pre-trial proceedings began. In fact, plaintiff filed its motion to remand less than twenty-four hours after defendants filed their notice of removal. While plaintiff did submit a letter to the Court on June 30, 2006 in which it requested injunctive relief this sole submission cannot be described as "unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." ˙ *Ortiz v. Gen. Motors Acceptance Corp., Inc.,* 583 F.Supp. 526, 531 (N.D.Ill.1984) (citation omitted). This is especially true considering plaintiff first requested an immediate remand to state court and it only phrased its request for injunctive relief in the alternative. Accordingly, the Court finds plaintiff did not waive its right to object to defendants' improper removal.

Alternatively, defendants argue that plaintiff is judicially estopped from objecting to removal because it has taken inconsistent positions and engaged in blatant forum shopping. It is well established that the doctrine of judicial estoppel acts "to protect the integrity of the judicial process ... by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Jarrard v. CDI Telecommunications, Inc.,* 408 F.3d 905, 914 (7th Cir.2005) (*quoting New Hampshire v. Maine,* 532 U.S. 742, 749–750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Specifically, said doctrine aims to prevent a party that prevails in one lawsuit on one ground from repudiating that same ground in another lawsuit. *Id.* (citations omitted).

▮ Judicial estoppel is an equitable doctrine which is to be flexibly applied with an eye towards protecting the judicial process. *Id.* (citation omitted). Accordingly, there are no precise or rigid formulas which guide application of judicial estoppel. *Id.*

▮ However, several factors are relevant when determining whether to apply judicial estoppel in a particular action. First, a party's later position must be "clearly inconsistent" with its earlier position. *New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001) (citations omitted). Second, a party must have prevailed on the basis of

its earlier position "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Id.* (citation and internal quotation marks omitted). This second factor is relevant because absent success in a prior proceeding a party's later inconsistent position introduces no "risk of inconsistent court determinations and thus poses little threat to judicial integrity." *Id.* at 750–751, 121 S.Ct. at 1815 (citations and internal quotation marks omitted).

A third factor to consider is whether the party seeking to assert an inconsistent position would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751, 121 S.Ct. at 1815 (citations omitted). Finally, a fourth factor to consider is whether the operative facts remain the same in both actions. *Jarrard,* at 915 (citation omitted). Plaintiff is not judicially estopped from objecting to removal because it has not taken clearly inconsistent positions.

 Defendants argue that plaintiff has taken inconsistent positions because it currently asserts this Court lacks jurisdiction to hear its claims while it previously advanced identical claims in this Court only days before filing its state court complaint. At first blush, defendants' argument seems somewhat persuasive. However, the issue of whether or not an action is properly removable is distinguishable from the issue of whether or not this Court has original jurisdiction. *Nat'l. W. Life Ins. Co., Inc. v. Fischer,* 722 F.Supp. 554, 555 n. 1 (E.D.Wis.1989); *see also Hurley,* at 380. It necessarily follows that distinguishable positions cannot be inconsistent with one another. Accordingly, plaintiff has not taken clearly inconsistent positions in this action because arguing removal was

improper is separate from asserting original jurisdiction.[2]

 Additionally, defendants argue that plaintiff engaged in blatant forum shopping when it voluntarily dismissed its June 23, 2006 action and filed an identical action in state court on June 26, 2006. Accordingly, defendants argue that plaintiff is judicially estopped from objecting to removal because of this blatant forum shopping. Forum shopping is to be discouraged. *AXA Corporate Solutions v. Underwriters Reinsurance Corp.,* 347 F.3d 272, 276 (7th Cir.2003) (citations omitted). However, plaintiff did not engage in forum shopping when it dismissed its June 23, 2006 action.

Plaintiff is the master of its complaint. *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 410 (7th Cir.2000) (citation omitted). As such, it was allowed to dismiss its June 23, 2006 complaint at any time before defendants filed either their answer or a motion for summary judgment. Fed. R.Civ.P. 41(a)(1). Additionally, Wisconsin law controls this action regardless of whether plaintiff filed its complaint in federal or state court. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Accordingly, plaintiff did not engage in blatant forum shopping because it was not attempting to secure a forum that would apply a more favorable substantive law to its action. As such, plaintiff is not judicially estopped from objecting to removal.

The forum defendant rule expressed in 28 U.S.C. § 1441(b) prohibited defendants from removing this action. Plaintiff did not waive its objection to removal and it is not judicially estopped from objecting to removal. Accordingly, because removal was improper plaintiff's motion to remand is granted.

**2.** Likewise, plaintiff has not prevailed on any issue which it is now trying to repudiate which is what the doctrine of judicial estoppel aims to prevent. *Jarrard,* at 914 (citations omitted).

### B. Plaintiff's motion for attorneys' fees

Plaintiff argues it is entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) because defendants improperly used removal to prevent the temporary restraining order from issuing. Defendants argue plaintiff is not entitled to an award of attorneys' fees because removal was substantially justified and not contrary to settled law.

28 U.S.C. § 1447(c)provides in relevant part as follows:

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

A party who succeeds in obtaining a remand on the basis that removal is improper is presumptively entitled to recover its fees. *Garbie*, at 410–411. Section 1447(c) is not a sanctions rule. Rather, it is a fee-shifting statute which gives a district court the authority to make the victorious party whole. *Id.* at 410 (*citing Tenner v. Zurek*, 168 F.3d 328, 329–330 (7th Cir.1999)). Accordingly, bad faith is not a prerequisite for an award of attorneys' fees under said section. *Id.*

The presumption that a successful party is entitled to recover its attorneys' fees can be overcome by a demonstration that the removal was substantially justified and it was not contrary to settled law. *Harris v. Home Depot U.S.A., Inc.*, No. 05–C–164–S, 2005 WL 1587593, at *1 (W.D.Wis. July 6, 2005) (citations omitted). However, in this action defendants' removal was contrary to settled law. Accordingly, an award of attorneys' fees under 28 U.S.C. § 1447(c) is appropriate.

Defendants Severini and Lehrer are both citizens of the State of Wisconsin. As such, the forum defendant rule expressed in 28 U.S.C. § 1441(b) clearly applied to this action. While defendants presented arguments concerning waiver and judicial estoppel said arguments only addressed the first part of the analysis which is whether removal was substantially justified. However, defendants arguments failed to demonstrate how removal was not contrary to the settled law expressed in Section 1441(b). Accordingly, defendants failed to overcome the presumption that plaintiff is entitled to recover its attorneys' fees and as such an award of attorneys' fees is warranted.

### ORDER

IT IS ORDERED that plaintiff's motion to remand is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for attorneys' fees is GRANTED.

IT IS FURTHER ORDERED that this matter is remanded to the Circuit Court for Dane County, Wisconsin.